## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| UNILOC USA, INC. and §<br>UNILOC LUXEMBOURG, S.A., § | Civil Action No. 2:16-cv-1316 |
| Plaintiffs, § | |
| v. § | PATENT CASE |
| PAYCHEX, INC., § | |
| Defendant. § | JURY TRIAL DEMANDED |

## <u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Paychex, Inc. ("Paychex"), allege as follows:

## <u>THE PARTIES</u>

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of application management in a computer network.

4.      Upon information and belief, Paychex is a Delaware corporation having a principal place of business in Rochester, New York and regular places of business in Austin, Dallas, Irving, Houston and San Antonio, Texas.  Upon information and belief, Paychex offers its payroll processing and related products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  Paychex may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Paychex is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in Texas and this judicial district.

7.      Paychex is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Austin, Dallas, Irving, Houston and San Antonio, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001.  A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following image shows the Paychex platform as offering a plurality of services:



12.     Upon information and belief, the following image from the Paychex portal identifies services offered by Paychex:



13.     Upon information and belief, the following image shows the web user interface that identifies several Flex applications offered by Paychex:



14.     Upon information and belief, the following image shows that the Flex app may be downloaded to mobile devices from sites such as Google Play and iTunes:



15.    Upon information and belief, the following image shows the mobile device interface that identifies several Flex applications offered by Paychex:



16.    Upon information and belief, the following image shows a login screen for users of the MyPaychex software:



17.     Upon information and belief, the following image shows that the Flex software products can be accessed on mobile devices:



18.     Upon information and belie, the following image shows a screen that appears when a user of the MyPaychex software enters a username or password that is not authentic:



19.     Upon information and belief, the following image may appear when the number of users exceeds the number of authorized users of the Flex software:



20.     Upon information and belief, the following image may appear when the number of users exceeds the number of authorized users of the Flex software:



21.     Upon information and belief, the following image illustrates the interface that opens when a user logs in to the Flex mobile application identifying products that the user is authorized to use:



22.     Upon information and belief, the following image from the Paychex portal identifies the Flex software product:



23.     Upon information and belief, the following image shows the user interface when the user selects Payroll:



24.     Upon information and belief, the following image from the Paychex portal displays an instance of the Flex software product:



25.     Upon information and belief, the following image from the Paychex portal shows that Flex software product uses target on-demand servers, such as h7:



26.    Upon information and belief, the following image from the Paychex portal shows that Flex software product uses target on-demand servers, such as h7:



27.    Upon information and belief, the following image from the Paychex portal shows that Flex software system uses a Reliable Data Center:



28.     Upon information and belief, the following image from the Paychex portal shows a screen through which a user of the Flex software product provides information in order to receive software from the server:



29.     Upon information and belief, the following image shows at the user desktop interface having a plurality of display regions that the user is licensed to use "Time and Attendance":



30.     Upon information and belief, the following image shows at the user desktop interface having a plurality of display regions that the user is not licensed to use "Time and Attendance":



31.     Upon information and belief, the following image shows a notice that informs the user that he/she is not licensed to use the Retirement application:



32.     Upon information and belief, the following image how that the users' administrator may control access to features of the Flex software:



33.     Upon information and belief, the following image shows that the user can configure the Flex dashboard:



34.     Upon information and belief, the following image shows that users can edit their information using the Flex product:

13



35.     Upon information and belief, the following image shows that users can edit their information using the Flex software:



36.     Upon information and belief, the following image shows that users can punch in their time using the Time software:

14

**What Can I Access With the App?**

The Paychex Time app allows you to punch time from a personal device based on payroll policies your administrator designated in the Time & Attendance service ahead of time.

After your administrator confirms you have been set up to use the app, you can punch time from a personal device.

Punch options available in Paychex Time include:

- Tap **Clock In** when clocking in for work.
- Tap **Clock Out** when clocking out.
- Tap **Start Meal** when you are clocking out for a meal time, like lunch.
- Tap **End Meal** when you are clocking out for a meal time, like lunch.
- Tap **Start Break** when you are clocking out to start an unpaid break time.
- Tap **End Break** when you are clocking in from an unpaid break.
- Tap **Transfer** when switching jobs or departments. Then tap the appropriate punch action.
- Tap **Call Back** when called back to work. Then tap the appropriate punch action.

37.     Upon information and belief, the following image shows that users can enter payroll data using the Flex software:

**Entering Payroll Data**

- Tap **Payroll** from the side panel or ❯ in the Payroll item on the dashboard.
- Confirm the next Check Date, and tap **Start Payroll**.

  If you already started your payroll and have not submitted it, tap **Resume Payroll** continue payroll entry.
- On the Automatically Pay pop-up screen, select the employee types to pay and tap **Continue to Pay Entry**.
- To include terminated and inactive employees in the list, tap **Include Terminated & Inactive**.
- To find an employee, enter the name or ID in the search box.

38.     Upon information and belief, the following image shows that the administrator can switch between employer and employee views using the Flex software:

**SWITCHING BETWEEN COMPANY AND EMPLOYEE VIEWS**

Use the drop-down menu at the top of the screen to switch between **Company** (employer view) and **My Account** (employee view). Client employees only have access to the My Account dashboard.

Clients with more than one company ID or accountants/CPAs with access to multiple clients can access each company using the Company drop-down menu.

39.     Upon information and belief, the following image shows that the administrator may decide what the user sees using the Flex software:



40.     Upon information and belief, the following image shows that the administrator may edit employees' input:



41.     Paychex has directly infringed, and continues to directly infringe one or more claims of the '578 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 7-8, 10-21, 23-24, 26-36, 38-39 and 41-46 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Paychex Flex (f/k/a Paychex Online) software distribution and management system during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing application programs such as Flex and MyPaychex having a plurality of configurable preferences and authorized users on a server coupled to a network, distributing an application launcher

program to a client, obtaining a user set of the configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

42.     In addition, should the Paychex software distribution and management system be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent.  More specifically, the accused software/system performs substantially the same function (obtaining user and administrator sets of configurable preferences), in substantially the same way (via a user and administrator), to yield substantially the same result (executing an application program using the configurable preferences in response to a request from a user on a network).  Paychex would thus be liable for direct infringement under the doctrine of equivalents.

43.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 10-21, 23-24, 26-36, 38-39 and 41-46 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Paychex software distribution and management system. Paychex's customers who use the Paychex software distribution and management system in accordance with Paychex's instructions directly infringe one or more of the foregoing claims of the '578 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Paychex directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Flex and MyPaychex software and system, such as those located at one or more of the following:

- www.paychex.com

- www.paychexflex,com

- https://staticpaychexinc.com

- www.myapps.paychex.com

- https://paychex.centralservers.com

- https://itunes.com/us/app/paychex

- https://play.google.com/store/apps

- www.youtube.com

Paychex is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

44.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 10-21, 23-24, 26-36, 38-39 and 41-46 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Paychex software distribution and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.     For example, the Paychex software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Paychex software distribution and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.   Paychex is, therefore, liable for infringement under 35 U.S.C. § 271(c).

46.     Paychex will have been on notice of the '578 Patent since, at the latest, the service of this complaint upon Paychex.  By the time of trial, Paychex will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-5, 7-8, 10-21, 23-24, 26-36, 38-39 and 41-46 of the '578 Patent.

47.     Paychex may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Paychex software distribution and management system.  Uniloc reserves the right to discover and pursue all such additional infringing software.

48.     Uniloc has been damaged, reparably and irreparably, by Paychex's infringement of the '578 Patent and such damage will continue unless and until Paychex is enjoined.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

49.     Uniloc incorporates paragraphs 1-48 above by reference.

50.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006.  A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

51.     Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

52.     Paychex has directly infringed, and continues to directly infringe one or more claims of the '293 Patent in this judicial district and elsewhere in Texas, including at least claims

1, 12 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Paychex Flex (f/k/a Paychex Online) software distribution and management system during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and distributing the file packet to the target on-demand server to make the program available for use by a client user.

53.    In addition, should the Paychex software distribution and management system be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted claims of the '293 Patent.  More specifically, the accused Paychex software distribution and management system performs substantially the same function (distributing an application program to a target on-demand server on a network), in substantially the same way (via initiation of registration operations for the application program at the target on-demand server), to yield substantially the same result (making the application program available for use by a user at a client).  Paychex would thus be liable for direct infringement under the doctrine of equivalents.

54.    Paychex has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Paychex software distribution and management system.  Paychex's customers who use the Paychex software distribution and management system   in accordance with Paychex's

instructions directly infringe one or more of the foregoing claims of the '293 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Paychex directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Flex software and system, such as those located at the following:

- www.paychex.com

- www.paychexflex,com

- https://staticpaychexinc.com

- www.myapps.paychex.com

- https://paychex.centralservers.com

- https://itunes.com/us/app/paychex

- https://play.google.com/store/apps

- www.youtube.com

Paychex is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

55.    Paychex has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Paychex software distribution and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

56.     For example, the Paychex software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Paychex software distribution and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.   Paychex is, therefore, liable for infringement under 35 U.S.C. § 271(c).

57.     Paychex will have been on notice of the '293 Patent since, at the latest, the service of this complaint upon Paychex.  By the time of trial, Paychex will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

58.     Paychex may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Paychex software distribution and management system.  Uniloc reserves the right to discover and pursue all such additional infringing software.

59.     Uniloc has been damaged, reparably and irreparably, by Paychex's infringement of the '293 Patent and such damage will continue unless and until Paychex is enjoined.

**<u>COUNT III</u>**
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

60.     Uniloc incorporates paragraphs 1-59 above by reference.

61.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A NETWORK that issued on January 21, 2003.  A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

62.     Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

63.     Paychex has directly infringed, and continues to directly infringe one or more claims of the '466 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 7-8, 15-20, 22-23, 30-33 and 35-36, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Paychex Flex software distribution and management system during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop interface, receiving a selection of one of the programs displayed in the user desktop interface and providing an instance of the selected program for execution.

64.     In addition, should the Paychex software distribution and management system be found to not literally infringe the asserted claims of the '466 Patent, the product would nevertheless infringe the asserted claims of the '466 Patent.  More specifically, the accused Paychex software distribution and management system performs substantially the same function (selection of an application program), in substantially the same way (via an established user desktop interface), to yield substantially the same result (providing the program for execution). Paychex would thus be liable for direct infringement under the doctrine of equivalents.

65.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 15-20, 22-23, 30-33 and 35-36 of the '466 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Paychex software distribution and management system.  Paychex's

customers who use the Paychex software distribution and management system in accordance with Paychex's instructions directly infringe one or more of the foregoing claims of the '466 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Paychex directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Flex software and system, such as those located at the following:

- www.paychex.com

- www.paychexflex,com

- https://staticpaychexinc.com

- www.myapps.paychex.com

- https://paychex.centralservers.com

- https://itunes.com/us/app/paychex

- https://play.google.com/store/apps

- www.youtube.com

Paychex is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

66.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 15-20, 22-23, 30-33 and 35-36 of the '466 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Paychex software distribution and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to

be especially made or especially adapted for use in infringing the '466 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.     For example, the Paychex software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Paychex software distribution and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.   Paychex is, therefore, liable for infringement under 35 U.S.C. § 271(c).

68.     Paychex will have been on notice of the '466 Patent since, at the latest, the service of this complaint upon Paychex.  By the time of trial, Paychex will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-5, 7-8, 15-20, 22-23, 30-33 and 35-36 of the '466 Patent.

69.     Paychex may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Paychex software distribution and management system.  Uniloc reserves the right to discover and pursue all such additional infringing software.

70.     Uniloc has been damaged, reparably and irreparably, by Paychex's infringement of the '466 Patent and such damage will continue unless and until Paychex is enjoined.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

71.     Uniloc incorporates paragraphs 1-70 above by reference.

72.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004.  A true and correct copy of the '766 Patent is attached as Exhibit D hereto.

73.     Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

74.     Paychex has directly infringed, and continues to directly infringe one or more claims of the '766 Patent in this judicial district and elsewhere in Texas, including at least claims 1-3, 5-6, 11, 13-15 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Paychex Flex software distribution and management system during the pendency of the '766 Patent which software and associated backend server architecture *inter alia* allow for maintaining user policy based license management information for application programs at a server, receiving a request for a license at the server, determining license availability based on the policy information, and providing an indication of availability or unavailability.

75.     In addition, should the Paychex software distribution and management system be found to not literally infringe the asserted claims of the '766 Patent, the product would nevertheless infringe the asserted claims of the '766 Patent.  More specifically, the accused Paychex software distribution and management system performs substantially the same function (managing licenses for authorized computer software based on user policy information), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized software to a client).  Paychex would thus be liable for direct infringement under the doctrine of equivalents.

76.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-6, 14, and 16-17 of the '766 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Paychex software distribution and management system.  Paychex's customers who use the Paychex software distribution and management system in accordance with Paychex's instructions directly infringe one or more of the foregoing claims of the '766 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Paychex directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Flex software and system, such as those located at the following:

- www.paychex.com

- www.paychexflex,com

- https://staticpaychexinc.com

- www.myapps.paychex.com

- https://paychex.centralservers.com

- https://itunes.com/us/app/paychex

- https://play.google.com/store/apps

- www.youtube.com

Paychex is thereby liable for infringement of the '766 Patent under 35 U.S.C. § 271(b).

77.     Paychex has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-6, 14, and 16-17 of the '766 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Paychex software distribution and management system, by making, offering to sell, selling and/or importing into the United States, a component of a

patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '766 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

78.     For example, the Paychex software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Paychex software distribution and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.   Paychex is, therefore, liable for infringement under 35 U.S.C. § 271(c).

79.     Paychex will have been on notice of the '766 Patent since, at the latest, the service of this complaint upon Paychex.  By the time of trial, Paychex will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-3, 5-6, 14, and 16-17 of the '766 Patent.

80.     Paychex may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Paychex software distribution and management system.  Uniloc reserves the right to discover and pursue all such additional infringing software.

81.     Uniloc has been damaged, reparably and irreparably, by Paychex's infringement of the '766 Patent and such damage will continue unless and until Paychex is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Paychex as follows:

(A)      Paychex has infringed the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(B)      awarding Uniloc its damages suffered as a result of Paychex's infringement of the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(C)      enjoining Paychex, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(D)      awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)      granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 29, 2016                    Respectfully submitted,


*/s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Tel: (617) 951-2500
Email: pjh@c-m.com
Email: kgannon@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**